**CV-05 3205** 

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 0 5 2005   ★

LONG ISLAND OFFICE
Docket No.

-------------------------------------------------X

Connie Sabatelli

**Plaintiff**

-against-                                    SI

Allied Interestate, Inc., and
Mr. Arno

**Defendant**

**SPATT, J**

**LINDSAY, M**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

-------------------------------------------------

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New York General Business Law Article 22-A Section 349 which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state; and defamation under New York law.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Section 2201

and 2202, and New York State law. Injunctive relief is available under New York state law. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Connie Sabatelli is a natural person residing within Nassau County New York.

4. Defendant Allied Interstate, Inc. (hereinafter "Allied") is a Minnesota Corporation and an active Foreign Business Corporation registered in New York. Allied is engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant Mr. Arno is a natural person employed by Defendant, Allied, at all times relevant to this complaint.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

7. The alleged debt of Plaintiff was incurred for personal, family, or household services.

8. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt to American Express in the purported amount of approximately $2,000.00.

10. Unfortunately, and for reasons beyond her control, the Plaintiff was unable to repay such debt.

11. American Express retained the services of the Defendants to attempt to collect the alleged debt.

12. Beginning in or about February 2005, Defendants began to terrorize the Plaintiff in an attempt to collect the alleged debt.

13. Defendants acted in an abusive and deceptive manner contrary to the standards employed by others in its industry, and contrary to those followed by civilized society, violating state and federal debt collection laws. Defendants' actions include but are not limited to the following;

  a. Defendant telephoned the Plaintiff at home almost every day;

  b. Defendant telephoned Plaintiff at work almost every day;

  c. Defendant telephoned Plaintiff's relatives;

  d. Defendant telephoned Plaintiff's coworkers at work;

  e. Defendants telephoned Plaintiff's boss at work;

  f. Defendant threatened Plaintiff that if she did not succumb to Defendants' demands that the telephone calls would continue;

  g. Defendant threatened Plaintiff that if she did not succumb to Defendants' demands that they would begin calling her neighbors;

h. Defendant made false and misleading statements to the Plaintiff;

i. Defendant was generally abusive to the Plaintiff.

j. Defendant threatened Plaintiff that Plaintiff needed to retain an attorney.

## V. CAUSES OF ACTION UNDER THE FDCPA

14. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse a person in connection with the collection of a debt.

16. Defendants violated 15 U.S.C. 1692d(2) by using profane and abusive language.

17. Defendants violated 15 U.S.C. 1692e and 15 U.S.C. 1692 e(10) by using false, deceptive, and misleading representations and/or means in connection with the collection of a debt.

18. Defendants violated 15 USC 1692 e (5) by threatening to take action that Defendant did not intend to take.

19. Defendants violated 15 USC 1692e (11) by failing to state that Defendant was a debt collector during numerous telephone calls to the Plaintiff.

20. Defendant violated 15 USC 1692b (1) by failing to identify themselves while communicating with third parties about the Plaintiff.

21. Defendant violated 15 USC 1692b (2) by informing third parties that Plaintiff owed a debt.

22. Defendant violated 15 USC 1692 b(3) by communicating with a particular third party more than once.

23 Defendant violated 15 USC 1692 c (b) by communicating with third parties in connection with collection of the alleged debt.

24. Defendant violated 15 USC 1692 f by engaging in unfair and unconscionable means in an attempt to collect a debt.

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

24. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

25 Defendant violated the New York General Business Law Section 349 et seq. by engaging in deceptive acts and practices in the conduct of business within New York State. Defendant violations include, but are not limited to the following:

(a) Defendant violated New York State General Business Law Section 349 by attempting to mislead the Plaintiff into believing that the Defendant needed to retain an attorney.

(b) Defendant violated New York State General Business Law Section 349 by attempting to mislead the Plaintiff into believing that there would be imminent consequences if Plaintiff did not succumb to Defendant's demands.

(c) Defendant violated New York State General Business Law Section 349 by falsely informing Plaintiff that she had already entered into an agreement with the Defendant and that she was now in violation of that agreement.

## VII. DEFAMATION

Slander

26. Defendants' made false and defamatory statements about the Plaintiff in that Plaintiff falsely informed the Plaintiff's boss, Mr. Thomas Herrschaff, that Plaintiff was only working "two hours a day" or "one hour a day." Defendants' statements falsely indicated that Plaintiff was not properly performing her employment duties.

27. Defendants' published the false statements to a third party in that Defendants stated this false information to the Plaintiff's boss Mr. Thomas Herrschaff.

28. Defendants' false statements are defamatory on their face, and constitute slander per se.

29. Defendants do not have just cause or excuse for such defamatory statements.

30. Defendants' false statements are injurious to the Plaintiff's reputation, esteem and good will. The Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

31. Defendants' made false and defamatory statements about the Plaintiff in that Plaintiff falsely informed the Plaintiff's boss, Mr. Thomas Herrschaff, that Plaintiff was only working "two hours a day" or "one hour a day." Defendants' statements falsely indicated that Plaintiff was not properly performing her employment duties.

32. Defendants' published the false statements to a third party in that Defendants stated this false information to the Plaintiff's boss Mr. Thomas Herrschaff.

33. Defendants' false statements are defamatory on their face, and constitute slander.

34. Defendants do not have just cause or excuse for such defamatory statements.

35. Defendants' false statements are injurious to the Plaintiff's reputation, esteem and good will. The Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

Libel

36. Defendants' made false and defamatory statements about the Plaintiff in that Plaintiff falsely informed the Plaintiff's boss, Mr. Thomas Herrschaff, that Plaintiff was only working "two hours a day" or "one hour a day." Defendants' statements falsely indicated that Plaintiff was not properly performing her employment duties.

37. Defendants' published the false statements to a third party in that Defendants stated this false information to the Plaintiff's boss Mr. Thomas Herrschaff.

38. Defendants' false statements are defamatory on their face, and constitute libel per se.

39. Defendants do not have just cause or excuse for such defamatory statements.

40. Defendants' false statements are injurious to the Plaintiff's reputation, esteem and good will. The Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

41. Defendants' made false and defamatory statements about the Plaintiff in that Plaintiff falsely informed the Plaintiff's boss, Mr. Thomas Herrschaff, that Plaintiff was only working "two hours a day" or "one hour a day." Defendants' statements falsely indicated that Plaintiff was not properly performing her employment duties.

42. Defendants' published the false statements to a third party in that Defendants stated this false information to the Plaintiff's boss Mr. Thomas Herrschaff.

43. Defendants' false statements are defamatory on their face, and constitute libel.

44. Defendants do not have just cause or excuse for such defamatory statements.

45. Defendants' false statements are injurious to the Plaintiff's reputation, esteem and good will. The Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

## VIII. DAMAGES

46. As a result of the foregoing violations of the FDCPA, the Defendants are liable to the plaintiffs for a declaratory judgment that Defendants' conduct violated the FDCPA, an injunction prohibiting further violations, actual damages, statutory damages, and costs and attorney's fees.

47. As a result of the foregoing violations of the New York General Business Law, the Defendants are liable to the plaintiffs for a declaratory judgment that Defendants' conduct violated the New York General Business Law, an injunction prohibiting further violations, actual damages, statutory damages, and costs and attorney's fees.

48. As a result of the foregoing violations under New York law of defamation, defendants are liable to the plaintiff for a declaratory judgment that defendants' conduct

constitutes defamation; general damages regarding the claim for defamation; actual damages regarding the claim for defamation; nominal damages regarding the claim for defamation; special damages regarding the claim for defamation; and punitive damages regarding the claim for defamation.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendants, for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Declaratory judgment that Defendants' conduct violated New York State General Business Law;

C. Declaratory judgment that Defendants' actions constitute defamation;

D. A permanent injunction prohibiting future violations of Plaintiff's rights;

E. Actual damages;

F. Statutory damages pursuant to 15 U.S.C. Section 1692k;

G. Statutory damages pursuant to New York General Business Law;

H. Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k;

I. Costs and reasonable attorney's fees pursuant to New York General Business Law;

J. General damages regarding the claim for defamation;

K. Special damages regarding the claim for defamation;

L. Actual damages regarding the claims for defamation;

M. Nominal damages regarding the claim for defamation;

N. Punitive damages regarding the claim for defamation;

O. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
631 Montauk Hwy. Ste. 6
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff

# The Law Office of Joseph Mauro, LLC

CASE NO.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Connie Sabatelli

vs.

Allied Interstate Inc. and Mr. Arno

---

## COMPLAINT

Joseph Mauro
Attorney at Law
631 Montauk Hwy. Ste. 6
West Islip, NY 11795

Ph. (631) 669-0921
Fax (631) 669-5071 (not for service)