UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CONNIE SABATELLI,

                            Plaintiff,                    **ORDER**

              -against-                          CV 05-3205 (ADS) (ARL)

ALLIED INTERSTATE, INC., et al.,

                            Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Plaintiff moves by letter application dated September 6, 2006 for an order compelling the defendants to produce three categories of documents: (1) employee disciplinary reports; (2) lawsuit inquiry forms; and (3) tax returns. Defendants oppose the application by letter also dated September 6, 2006. For the reasons that follow, the application is denied.

       With regard to the employee disciplinary reports, defendants state that they have now been produced to the plaintiff. Accordingly, the first prong of the application is denied as moot.

       Next, plaintiff seeks a "Lawsuit/Inquiry Investigation Form" that is used by the corporate defendant in response to complaints by consumers about allegedly abusive debt collection. Defendants have withheld its production because they claim it was prepared either by an attorney or for an attorney for purposes of litigation. While defendants seem to be asserting that the document is protected from disclosure by privilege, they have not provided a privilege log as is required by Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, making it impossible to assess the merit of the plaintiffs' application. Accordingly, the defendants are ordered to serve a privilege log on the plaintiff by **September 18, 2006**. Upon review of the log, if the plaintiff continues to seek its production, she may renew her application by **September 22, 2006**.

       Finally, plaintiff seeks to compel the production of the defendants' tax returns for the past two years. Plaintiff claims that the tax returns are relevant to her claim for punitive damages. Defendants oppose their production, arguing that the plaintiff has not shown a substantial need for the tax returns, and, even if she had, the tax return should be produced "only if an when it becomes apparent that the jury will or likely could find punitive damages are appropriate."

       While it is well-settled that "tax returns in the possession of the tax payer are not immune to civil discovery," courts are cautious in ordering their production and have ordered such disclosure only upon satisfaction of a two-prong test: (1) relevance and (2) compelling need because the information is not otherwise readily available. <u>See</u>, <u>e.g.</u>, <u>St. Regis Paper Co. v.</u>

United States, 368 U.S. 208, 218-19, 82 S. Ct. 289, 295, 96 (1961); Hamm v. Potamkin, No. 98 Civ. 7425 (RWS), 1999 WL 249721 at *2 (S.D.N.Y. April 28, 1995) (citing SEC v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (additional citations omitted)). Because a court "may take a defendant's financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded against that defendant," defendants' financial information is relevant to plaintiff's claim for punitive damages. See Hazeldine v. Beverage Media, Ltd., No. 94 Civ. 3466, 1997 WL 362229 at *3 (S.D.N.Y. June 27, 1997).

      While the defendants' financial information is clearly relevant to the issue of punitive damages, the second prong of this test has not been satisfied. Here, the information sought is otherwise readily available in that plaintiff may make inquiry during the depositions of these defendants as to this information. This deposition testimony should suffice to provide an adequate picture of defendants' financial status. See, e.g., Open Housing Center, Inc. v. Kings Highway Realty, No. 93-766 (JBW), 1993 U.S.Dist. LEXIS 15927, *3 (Nov. 8, 1993); Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964) (granting plaintiff's motion for a protective order as to the production of his income tax returns finding that defendant did not establish a "compelling need" where the information sought could be learned from other sources such as other financial records and the plaintiff's deposition). Alternatively, defendants can swear to an affidavit declaring their respective net worth. See, e.g., Collens v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (ordering defendant to swear to an affidavit stating her net worth as a more efficient and less intrusive means for obtaining her financial information where there had not yet been a determination of liability and the information was relevant only to the issue of punitive damages). Thus, the application is denied.

Dated: Central Islip, New York           **SO ORDERED:**
       September 13, 2006

                                                        _____/s/_____
                                                        ARLENE R. LINDSAY
                                                        United States Magistrate Judge